| 44 | 823 |
| 44 | 895 |
| 44 | 823 |
| 45 | 631 |
| 45 | 1079 |
| 45 | 1083 |

## No. 1259.

### JOHN W. MITCHELL VS. DALTON & DALTON.

1. An order on an application for a respite that all proceedings of creditors against the debtor be stayed is neither entirely nor partially revoked by the subsequent granting by the same judge of an attachment to a creditor who, pending the stay, and utterly ignoring it and the respite proceedings in his pleadings, brings a suit for his individual benefit.

2. Allegations in the petition of the attaching creditor made at such time, under such circumstances, in such manner and for such a purpose, that the respite debtor is insolvent, and that he has or is about to defraud his creditors, do not bring the case under the principles announced in the case of Williams vs. Judge, 42 An. 72.

3. An order for an attachment given under such circumstances was improvidently granted, and on motion and exception the attachment should be dissolved and the suit itself dismissed.

---

*Appointed on 27th day of May, 1892.

Mitchell vs. Dalton & Dalton.

A PPEAL from the Sixth District Court, Parish of Morehouse.
Baird, J.

### D. M. Scholars for Plaintiff and Appellant:

A creditor has a right to sue his debtor and to seize his property, notwithstanding an order staying proceedings. 42 An. 71; 1 O. M. 641; 1 M. (N. S.) 438, 240; 2 M. (N. S.) 329; 12 An. 182.

"The law considers as bankrupts those who have obtained a respite." 2 N. S. 329; 3 R. 403, 410.

"A respite is a privilege granted to a debtor and always derogatory to the rights of creditors who are in the minority, by changing their contracts without consent on their part. Effect should not be given to it unless obtained under strict observance of law." 3 M. (N. S ) 343.

A debtor who by some act has laid himself liable to attachment can not, by applying for a respite, defeat a creditor in the exercise of this remedy.

" While the single fact of insolvency of a merchant is not ground for attachment, there certainly is nothing in the law or sound public policy to encourage insolvent men to conduct a commercial business, where it is obvious that such business can only be carried on at the expense of unsuspecting or victimized creditors." Mack & Co. vs. McDaniel, 4 Fed. Rep. 294.

### Newton & Cason and Ellis & Hall for Defendants and Appellees:

1. On an application for a respite, an order staying proceedings against persons and property is lawful and competent. 35 An., 801.

2. An order staying proceedings against person and property operates as an extraordinary injunction, and is in every respect the equivalent of an injunction. 42 An. 72; 35 An. 802.

   The order absolutely precludes any one creditor from bringing a suit coupled with conservatory process for his own benefit against the applicant debtor, thereby giving an advantage over other creditors.

   The only object of conservatory process would be to secure the person or property of the applicant for the common good of all the creditors. 42 An. 72.

3. After an order staying proceedings one creditor can not, without attacking the order directly or claiming conservatory process under proper allegations for the common benefit of all of the creditors, legally obtain an order for an attachment. Such an order is in direct contradiction of the order staying proceedings, and can not exist until the previous order has been vacated or set aside by direct action. 42 An. 71.

   The order can not be collaterally attacked. 35 An. 801; 42 An. 71.

   Judgment granting respite can not be collaterally attacked. Direct action absolutely necessary. 15 An. 19; 35 An. 915.

4. An attachment or any seizure made before the judgment homologating the proceedings of the meeting of the creditors is necessarily set aside by such judgment. 35 An. 801.

   Where the order granting an attachment is null, the writ is without foundation and fails.

   The intent to defraud must exist to justify an attachment. 35 An. 339; 28 An. 818; 30 An. 393.

Damages actually sustained comprise not only pecuniary loss and actual expenses incurred, such as costs and counsel's fees, but also the mortification, annoyance and vexations caused to defendants by the attachment. 33 An. 6.

The opinion of the court was delivered by

NICHOLLS, C. J. An examination of the record in this case shows that prior to the institution of the present suit by the plaintiff Mitchell, Dalton & Dalton the defendant firm had applied, through the District Court of Morehouse, for a respite from their creditors, and had obtained from that court a stay of all proceedings against them—that these proceedings for respite were pending at the time of the institution of this suit and that the stay of proceedings was then in full force—that the defendants had included the plaintiff Mitchell among their acknowledged creditors, for the full amount of his claim in the schedule of their liabilities filed in the respite proceedings, and that although up to the time that he took action in the present suit Mitchell had not participated in these proceedings, yet he had been duly notified of the same. It further shows that notwithstanding this condition of affairs the plaintiff filed the present suit, in which he prayed for personal judgment against the defendants for a large indebtedness which he alleged to be due to him by them, and accompanied his demand for a judgment by an application for a writ of attachment against their property in aid of his demand, based on an allegation that they were insolvent and that they had mortgaged, assigned and disposed of, or were about to mortgage, assign and dispose of their property, rights and credits or some parts thereof with intent to defraud their creditors or to give some of them an unfair preference—that they had converted or were about to convert their property into money or evidences of debt with intent to place it beyond the reach of their creditors. It further shows that the pleadings in plaintiff's petition made no reference whatsoever to the respite proceedings or the stay of proceedings, but utterly ignored the same; that the judge of the District Court ordered an attachment to issue as prayed for; that an attachment was issued, and that under it property of the defendants was attached and detained by the sheriff. It further shows that almost immediately after the suit was instituted the defendants, through their counsel, filed a motion, which they designated as a motion to dissolve and dismiss, in which they prayed for the dissolution of the attachment and the dismissal

of the suit—that this motion was referred to the merits, and that thereafter the defendants filed an answer in which they reiterated the grounds for dissolution of the attachment and dismissal of the suit which they had set up on their motion—reiterated the prayer of their motion and reconvened against the plaintiff, claiming damages against him for a large amount as damages resulting from the attachment; that the case was tried, evidence taken and a judgment rendered; this judgment being for the plaintiff and against the defendants for the full amount of plaintiff's claim, but dissolving the attachment sued out at plaintiff's costs, and for the defendants and against the plaintiff for a portion of the amount claimed by them in their reconventional demand as damages, but rejecting all the balance—that both parties have appealed from this judgment and that the defendants have filed in this court a motion for an amendment, praying that plaintiff's suit be dismissed and that the judgment in their favor for damages should be increased.

From this recital it is evident that the differences between the plaintiff and the defendants which the court is called on to settle and determine, do not involve an examination of the question of the indebtedness of the defendants to the plaintiff. That indebtedness is admitted by the defendants not only in the pleadings in this case, but also admitted in the respite proceedings, as has been stated. The issues in the case spring from the institution of the present proceedings by the plaintiff and from the contention of the parties in respect to the consequences resulting from the same.

The first of these issues for decision in proper order is that raised *in limine* by the defendants in their motion to dissolve and dismiss —reiterated in their answer and still asserted, which is as to whether Mitchell (particularly as occupying the position he did of a creditor —recognized by them as such in their schedule of liabilities) could legally, during the pendency of the respite proceedings, and whilst the stay of proceedings granted was in full force, take out an attachment against defendants' property in aid and support of his individual claim, and further, whether he could legally, under such circumstances, institute and prosecute against them an ordinary suit for a personal judgment, especially in the absence in his pleadings of any attack against the respite proceedings and the stay of proceedings, or any attack against themselves as having already used or as being

about to use those proceedings, and the judges' order therein made, as a cloak under which to injure or defraud their creditors.

We are of the opinion that the position taken on this subject by the defendants is correct, and that not only should the attachment have been dissolved, but that plaintiff's suit should also have been dismissed as prayed for. Hummin vs. Jones, 2 N. S. 163. The order for attachment, although made by the same judge who had granted those in the respite proceedings, did not operate either as an entire or partial revocation of the latter as claimed by the plaintiff.

The allegations of the plaintiff in his petition that the defendants were insolvent and that they had defrauded, or were about to defraud, their creditors, made at the time, under the circumstances, in manner and for the purposes they were, did not warrant the course pursued in the matter by the plaintiff.

The case relied on of Abraham Williams, 42 An. 72, does not resemble the present.

The question there had reference to a direct action instituted by several creditors of a person who had obtained a stay of proceedings to annul and set aside the proceedings, and through conservatory process, to protect and hold, in *statu quo*, for the benefit of the mass of creditors, property which, under cover of the proceedings and orders, were being fraudulently disposed of to their prejudice by the applicant for the respite.

The present case is a demand brought by a single creditor on his individual claim asking judgment thereon and seeking to hold the property of the defendant by attachment and privilege for his own payment, passing by and utterly ignoring the respite proceedings and the judge's order for a stay. The dismissal of the suit and the dissolution of the attachment leave, as the only matter for the further consideration of the court, the judgment of the court below in respect to the defendant's reconventional demand for damages.

We are satisfied from a careful examination of the evidence that in rendering judgment in favor of defendants against the plaintiff for the sum of $329.60 for attorney's fees, and for $300 for damages to the stock of goods, the court below has done substantial justice between the parties, and that, in rejecting the claim of the defendants for further damages, there has been no error. For the reasons herein assigned, it is ordered, adjudged and decreed that the judg-

ment of the court below in favor of the plaintiff, John W. Mitchell, and against the defendants, Dalton & Dalton, be and the same is hereby reversed and annulled, and that plaintiff's suit be and the same is hereby dismissed, and that in other respects the judgment below be and the same is hereby affirmed at plaintff's costs.